**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X   Case No.:
KENNETH MATHIS-BANKS JR.,

                                    Plaintiff,

        -against-                                        **COMPLAINT**

MID-HUDSON SUBARU, CHRISTOPHER     **PLAINTIFF DEMANDS**
TURNER, AND KRISTA MEMMELAAR,          **A TRIAL BY JURY**
*individually*,

                                  Defendants.
------------------------------------------------------------------X

       Plaintiff, KENNETH MATHIS-BANKS JR., by and through his attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of the Defendants as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA"); Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"); the Family Medical Leave Act ("FMLA"), the New York State Human Rights Law, New York State Executive Law § 296, et. seq. ("NYSHRL"); and the New York City Human Rights Law, New York City Administrative Code § 8-107, et. seq. ("NYCHRL") and seeks damages to redress the injuries he has suffered as a result of being discriminated against based on his actual or perceived disability (Multiple sclerosis). Ultimately, Defendants unlawfully terminated Plaintiff on the basis of his real or perceived disability (Multiple sclerosis), anxiety, and depression, and for requesting legally protected disability accommodations.

## JURISDICTION, VENUE, AND PROCEDURAL PREREQUISITES

1

2. Jurisdiction of this Court is proper under 42 U.S.C. §2000e-5(f)(3), and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over the claims that Plaintiff has brought under state and city law pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as one or more Defendants reside within the Southern District of New York, or the acts complained of occurred therein. By: (a) timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 3, 2024; (b) receiving a Notice of Right to Sue from the EEOC on September 18, 2024; (c) commencing this action within 90 days of the issuance of the Notice of Right to Sue by the EEOC after consideration of the period tolled via a tolling agreement entered into by the parties; and Plaintiff has satisfied all of the procedural prerequisites for the commencement of the instant action. A copy of the Notice of Right to Sue is annexed hereto as Exhibit A.

## PARTIES

5. That at all times relevant hereto, Plaintiff KENNETH MATHIS-BANKS JR. ("Plaintiff") is male and a resident of the State of Conneticut.

6. That at all times relevant hereto, Defendant MID-HUDSON SUBARU ("Corporate Defendants") was and is a domestic business corporation duly existing pursuant to, and by virtue of, the laws of the State of New York.

7. Defendants MID-HUDSON SUBARU operates and/or operates a location at 1162 US-9 Wappingers Falls, New York 12590, where the discriminatory conduct took place.

8. Upon information and belief, Defendants employs at least fifteen or more employees.

9. That at all times relevant hereto, Plaintiff was an employee of Defendants.

10. That at all times relevant hereto, Mr. Christopher Turner ("Chris" or "Turner") was employed as the Owner of Corporate Defendant, and had the authority to hire, fire, or affect the terms and conditions of Plaintiff's employment, or to otherwise influence the decisionmaker of the same.

11. That at all times relevant hereto, Ms. Krista Memmelaar ("Kirsta" or "Memmelaar") was employed as the Director of Human Resources for Corporate Defendant, and had the authority to hire, fire, or affect the terms and conditions of Plaintiff's employment, or to otherwise influence the decisionmaker of the same.

## MATERIAL FACTS

12. On or about August 21, 2023, Defendants hired Plaintiff as a "General Manager" at Defendant's location at 1162 US-9 Wappingers Falls, New York 12590.

13. As a General Manager, Plaintiff's job duties included but were not limited to managing sales, service, parts, and accounting to reach goals.

14. At all times relevant, Plaintiff was qualified to do his job and able to perform the duties of his employment with a reasonable accommodation.

15. In or about 2020, Plaintiff was diagnosed by his doctor with multiple sclerosis, a neurological disease whose symptoms can worsen over time. These symptoms include but are not limited to muscle weakness, stiffness, and spasms that may be severe enough to affect walking or standing.[1]

16. Under Plaintiff's leadership, his location quickly surpassed its target sales and broke all-time sales records.

---

[1] National Institute of Neurological Disorders and Stroke, Multiple Sclerosis, November 28, 2023, https://www.ninds.nih.gov/health-information/disorders/multiple-sclerosis.

17. From on or about August of 2023 to January of 2024, both Chris and Krista regularly commended Plaintiff's performance, as he enhanced sales and profitability, consistently posting six-figure profit months.

18. However, this positive treatment changed on or about September of 2023, when Plaintiff informed Chris and Krista about his multiple sclerosis diagnosis.

19. For example, on or about September 15, 2023, Chris derogatorily referred to Plaintiff as weak for not standing on a desk and yelling at employees, despite his clear physical inability to do so in conjunction with his personal stance against such conduct.

20. Plaintiff felt targeted, humiliated, confused, and offended by this statement.

21. On or about December of 2023, Plaintiff began using a walking cane due to the increased severity of his disability (multiple sclerosis).

22. Over the course of the next few months, Plaintiff's physical condition continued to deteriorate.

23. On or about May 1, 2024, Plaintiff received MRI (magnetic resonance imaging) scans indicating that Plaintiff had lesions on his brain and spinal cord. Plaintiff immediately disclosed this medical update to his team, which included Krista and Chris. Despite his disability, Plaintiff remained diligent and attentive to his job duties and team.

24. On or about May 3, 2024, Plaintiff was criticized Chris and Krista for what was deemed a "lack of urgency" during a meeting that occurred on May 1, 2024, the same day as his MRI scan results.

25. On or about May 4, 2024, Plaintiff requested four accommodations via e-mail due to the worsening symptoms of his disability. The accommodations were as follows:

    1. "Clear and stratigic discussions covering all operational aspects.  These discussions in my opinion shold be positive and in good faith.

  2. A task list with task completion leading to expected results. Accomplishing task list completion should be held in good standards. If task are accomplished and the store does not achive desired results continued discussions of task with specific pros and cons. 2024 will be a uniqe year with new challenges as market normalizes.
  3. Training NADA, 20 Groups, consultants what ever you think will make me a better employee.
  4. Compassion not sympathy or unneeded treatment for my medical condition."

26. Plaintiff received no response and followed up on May 7, 2024. This e-mail stated,

> "I am reaching out regarding my accommodation request and the opportunity to initiate an open dialogue, as required by the Americans with Disabilities Act (ADA). My intention is to foster transparency and ensure that we can collaboratively address my needs related to managing my multiple sclerosis (MS), anxiety, and depression in the workplace."

27. That same day, Krista denied all of Plaintiff's accommodations, stating "your accommodations aren't required by the ADA."

28. Then, on May 9, 2024, Plaintiff was abruptly terminated.

29. Krista informed Plaintiff that he was terminated due to profitability issues. In truth, Plaintiff was terminated on the basis of his real or perceived disability (multiple sclerosis, anxiety, dperession), and for requesting accommodations.

30. The above are just some of the ways Defendants discriminated against Plaintiff while employing him.

31. But for the fact that Plaintiff disabled and requested accommodations, Defendants would not have treated him differently.

32. Defendants terminated Plaintiff in retaliation for his requests for reasonable accommodations.

33. Defendants terminated Plaintiff so they would not have to grant him any accommodations on the basis of his disabilities.

5

34. Defendants failed to engage in the interactive process and cooperative dialogue and provide Plaintiff with reasonable accommodations.

35. Plaintiff has been unlawfully discriminated against, humiliated, degraded and belittled, and as a result, suffers the loss of rights, emotional distress, loss of income, and earnings.

36. As a result of Defendants' actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

37. As a result of the acts and conduct complained of herein, Plaintiff has suffered emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

**AS A *FIRST* CAUSE OF ACTION FOR DISCRIMINATION
<u>UNDER THE AMERICANS WITH DISABILITIES ACT</u>**

38. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

39. Plaintiff claims Corporate Defendants violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

40. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112, Discrimination [Section 102] states: "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or **discharge** of employees, employee compensation, job training, and other terms, conditions, and privileges of employment. … (b) (4) excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association."

41. Corporate Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his disability (Multiple sclerosis).

42. As such, Plaintiff has been damaged as set forth herein.

## AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT

43. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

44. The ADA prohibits retaliation, interference, coercion, or intimidation.

45. 42 U.S.C. § 12203 provides:

    a) Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

    b) Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

46. Corporate Defendants violated this section as set forth herein by retaliating, and otherwise discriminating against the Plaintiff because he requested and/or needed a reasonable accommodation.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER TITLE VII (Not Against Individual Defendants)

47. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint.

48. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., for relief based upon the unlawful

7

employment practices of the above-named Corporate Defendants. Plaintiff complains of Corporate Defendants' violation of Title VII's prohibition against discrimination in employment-based, in whole or in part, upon an employee's perceived disability.

49. Corporate Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e et seq., by discriminating against Plaintiff because of his employee's perceived disability/disabilities.

## AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK STATE EXECUTIVE LAW

50. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

51. Executive Law § 296 provides that,

> 1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, **disability**, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

52. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his disability.

## AS A FIFTH CAUSE OF ACTION FOR RETALIATION UNDER THE NEW YORK STATE EXECUTIVE LAW

53. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

54. Executive Law § 296 provides that, "7. It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate

against any person because he or she has filed a complaint, testified, or assisted in any proceeding under this article."

55. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his opposition to the unlawful employment practices of the Defendants.

### AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

56. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

57. The New York City Administrative Code §8-107(1) provides that,

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, **disability**, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment." (emphasis added).

58. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of his disability.

### AS AN EIGHTH CAUSE OF ACTION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

59. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

60. The New York City Administrative Code §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

9

61. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(7) by discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of the Defendants.

### AS A NINTH CAUSE OF ACTION FOR FAILURE TO PROVIDE A REASONABLE ACCOMODATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

62. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

63. The Administrative Code of the City of New York §8-107(15)(a) provides:

    "[A]ny person prohibited by the provisions of this section from discriminating on the basis of disability shall make reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job or enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity."

64. Defendants engaged in an unlawful discriminatory practice in violation of the New York City Administrative Code §8-107(15)(a) by failing to provide Plaintiff with a reasonable accommodation, and by failing to engage in the cooperative dialogue.

### JURY DEMAND

65. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by to the Americans with Disabilities Act of 1990, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq., the Family Medical Leave Act ("FMLA"), the New York State Human Rights Law, New York State Executive Law, § 296 et. seq., and the New York City Human Rights Law, Administrative Code § 8-107 et seq., in that Defendants discriminated against Plaintiff on the basis of his disability;

B.      Awarding Plaintiff compensatory damages for lost wages, mental and emotional injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

C.      Awarding Plaintiff punitive damages;

D.      Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

E.      Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
December 17, 2024

**PHILLIPS & ASSOCIATES,**
**Attorneys at Law, PLLC**

By: _____
Melissa Vo, Esq.
*Attorneys for Plaintiff*
45 Broadway, Suite 430
New York, New York 10006
T: (212) 248-7431
F: (212) 901 - 2107
mvo@tpglaws.com

11

# EXHIBIT A



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/18/2024

**To:** Kenneth Manthis-Bank Jr.
45 Broadway Suite 430
New York, NY 10006
Charge No: 520-2024-06359

EEOC Representative and email:    MELANIE DAVIS
Office Automation Assistant
melanie.davis@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By: Yaw Gyebi, Jr.
09/18/2024
Yaw Gyebi, Jr.
District Director

**Cc:**
Nivritha C Ketty
Nukk-Freeman & Cerra, P.C.
26 MAIN ST STE 202
Chatham, NJ 07928

Melissa Vo Esq.
Phillips & Associates, PLLC
45 Broadway Suite 430
New York, NY 10006

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 520-2024-06359 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Yaw Gyebi, Jr., 33 Whitehall St 5th Floor, New York, NY 10004.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 520-2024-06359 to the District Director at Yaw Gyebi, Jr., 33 Whitehall St 5th Floor, New York, NY 10004.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

### "Actual" disability or a "record of" a disability

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

Enclosure with EEOC Notice of Closure and Rights (01/22)

- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

## "Regarded as" coverage

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.
- A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.*